IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

JOHN SIMPSON                                    )
    Plaintiff,                           )
                             )  CAUSE NO.  1:13-cv-1660
      v.                                   )
                             )
BROWN COUNTY, INDIANA and                       )
BROWN COUNTY DEPARTMENT OF                      )
HEALTH and BROWN COUNTY HEALTH                  )
BOARD,                                          )
    Defendants.                          )
                             )

## VERIFIED COMPLAINT

Comes now the Plaintiff, John Simpson, by and through counsel, Scott C. Andrews, and for his Complaint against Defendants, Brown County, Indiana, Brown County Department of Health and Brown County Health Board, says and states as follows:

### Jurisdiction and Venue

1. That this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343 over Plaintiff's cause of action under the Constitution of the United States.

2. That this Court has personal jurisdiction over the Defendants which are all located in the Southern District of Indiana.

3. That venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. 1391(b) in that Defendants are subject to personal jurisdiction within the Southern District of Indiana, and the events that give rise to this action occurred within the Southern District of Indiana.

### Parties

4. John Simpson is an individual who resides in Brown County, Indiana.

5. John Simpson operates a business known as Monroe, LLC which is a limited liability company organized under the laws of the State of Indiana. John Simpson is the sole owner of Monroe, LLC.

6. John Simpson, through Monroe, LLC, was in the business of installing and repairing septics within Brown County, Indiana.

7. Through his business John Simpson held a valid license through the Brown County Department of Health to install and repair septics.

8. Defendant Brown County is a county existing pursuant to Indiana laws with its principal location at 201 Locust Lane, Nashville, IN 47448.

9. Defendant Brown County Health Department is a department of Brown County, established by ordinance pursuant to I.C. 76-20-2-2, and managed by its local board of health, known as the Brown County Health Board.

10. Paul E. Page, D.O. is the Health officer appointed in Brown County, Indiana.

### Facts

11. Prior to June 14, 2013, John Simpson was an approved septic contractor within Brown County.

12. On or about May 31, 2013, Defendants, by Paul Page, D.O., sent a letter to Plaintiff regarding Plaintiff's mother's property located at 1416 Jackson Branch Road, Nashville, IN 47448.

13. The nature of the May 31, 2013 letter was to advise Plaintiff that corrective action must be taken on the septic system located at his mother's property.

14. In the May 31, 2013, letter, Paul Page, D.O. also threatened that if corrective measures were not taken on Plaintiff's mother's septic system, that he would request an executive

meeting of the Brown County Health Board to recommend that Plaintiff's license to install septic systems be rescinded.

15. On or about June 14, 2013, the Defendant by Paul Page, D.O. sent a letter to Plaintiff whereby Plaintiff's license to install and repair septic systems in Brown County was revoked by the Brown County Board of Health.

16. That there was no public meeting to which the Plaintiff was invited or informed of concerning the revocation of his status as an accepted Brown County septic contractor.

17. That the Defendants did not inform Plaintiff of any law, ordinance or regulation which he allegedly violated, nor did it set forth any facts in writing which form the basis of the violation of any laws, ordinances, or regulations.

18. At all times alleged herein, all Defendants and its officials, employees and agents were acting under color of state law.

## Count I

## Violation of Due Process

19. That Plaintiff incorporates paragraphs One (1) through Eighteen (18) of his complaint.

20. That the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or process without due process of law.

21. That Plaintiff has a liberty and/or property interest in his business of installing and repairing septics in Brown County, Indiana and receiving income from such business.

22. That the acts of revoking his license to install and repair septic systems within Brown County, Indiana without proper notice, without any sort of hearing, and without any justification, deprived Plaintiff of his interest without due process of the law.

23. Therefore, Plaintiff is entitled to declaratory and injunctive relief, as well as compensating damages resulting from the conduct of the Defendants in violation of the Due Process Clause of the Fourteenth Amendment.

## Count II

### Intentional Interference with Business Relations

24. That Plaintiff incorporates paragraphs One (1) through Twenty Three (23) of his complaint.

25. That at all times relevant and prior to June 14, 2013, Plaintiff had customers of his business and had business relationships with citizens of Brown County, Indiana.

26. That due to the nature of Plaintiff holding a valid license to install and repair septics within Brown County, Indiana, the Defendants were aware of Plaintiff's business relationships with citizens and individuals who reside in Brown County.

27. Defendants intentional actions in arbitrarily revoking Plaintiff's license to install and repair septics in Brown County, Indiana was without justification and has damaged Plaintiff.

28. That actions of the Defendants continue to prohibit Plaintiff from continuing his business relationships in Brown County.

29. Therefore, Plaintiff is entitled to declaratory and injunctive relief as well as compensatory damages resulting from the conduct of the Defendants in intentionally interfering with Plaintiff's business relationships within Brown County, Indiana.

WHEREFORE, Plaintiff prays that the court find in his favor and against the Defendants, and for all other relief as is just and proper.

Respectfully submitted,

By:    _s/ Scott C. Andrews_
            Attorney No. 22259-03
            Attorney for Plaintiff, John Simpson

CORIDEN CORIDEN ANDREWS & GLOVER, LLC
445 5th Street
PO Box 1510
Columbus, IN  47202-1510
Telephone:  812-375-9800
Facsimile:   812-375-5461

I AFFIRM under penalty for perjury that the foregoing statements included in this Verified Complaint are true and correct, to the best of my knowledge and belief.

John Simpson, Plaintiff

CORIDEN CORIDEN ANDREWS & GLOVER, LLC
PO Box 1510
Columbus, IN  47201
Telephone:  (812) 375-9800
Fax (812) 275-5461
Email: sandrews@coriden.com