UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01660-TWP-TAB |
| ) | |
| BROWN COUNTY, INDIANA, BROWN ) | |
| COUNTY DEPARTMENT OF HEALTH, ) | |
| BROWN COUNTY HEALTH BOARD, and ) | |
| JOHN KENNARD, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTON TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff, John Simpson's ("Mr. Simpson") Motion to Alter or Amend Judgment (Filing No. 52). Alleging that Brown County, Indiana, Brown County Department of Health, Brown County Health Board (collectively, "Brown County"), and John Kennard ("Mr. Kennard") (collectively, "Defendants") violated his procedural due process rights and intentionally interfered with his business relations, Mr. Simpson filed a Second Amended Complaint. (Filing No. 29.) On September 29, 2014, this Court granted Brown County's motion to dismiss both of Mr. Simpson's claims. (Filing No. 50.) Mr. Simpson filed a timely motion to alter or amend the judgment. For the reasons stated below, the Court **GRANTS in part** and **DENIES in part**, Mr. Simpson's Motion to Alter or Amend the Judgment.

### I. BACKGROUND

As stated in the prior order, the facts of this case are taken directly from Mr. Simpson's Second Amended Complaint and are accepted as true for purposes of the motion to dismiss and all reasonable inferences are drawn in a light most favorable to Mr. Simpson. *See Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

Mr. Simpson is the sole owner of a business known as Monroe, LLC, which is a limited liability company organized under the laws of the State of Indiana. Through Monroe, LLC, Mr. Simpson installed and repaired septic systems within Brown County, Indiana. He held a valid license to install and repair septic systems through the Brown County Department of Health. On May 31, 2013, Defendants sent a letter to Mr. Simpson regarding his mother's property, stating that corrective action was required on the septic system. The letter also stated that if corrective measures were not taken on the septic system, the Brown County Health Officer, Paul Page, D.O., would request an executive meeting of the Brown County Health Board and recommend that Mr. Simpson's septic system installer license be rescinded. Two weeks later, on June 14, 2013, the Brown County Health Officer sent another letter to Mr. Simpson, informing him that the Brown County Health Board had revoked his license to install and repair septic systems in Brown County.

In the interim, however, Brown County did not inform Mr. Simpson of any public meeting by the Brown County Health Board concerning the revocation of his license. In addition, Brown County did not inform Mr. Simpson of any law, ordinance, or regulation which he allegedly violated, nor did Brown County set forth the basis for the revocation.

Mr. Simpson also alleges that Brown County Commissioner and Health Department employee, John Kennard, has a personal vendetta against him. In this regard, Mr. Kennard told Mr. Simpson that he would "see to it that [Simpson] would never work in Brown County again" and Mr. Kennard "planned and conspired to have [Simpson] removed as an approved septic installer within Brown County."

On January 29, 2014, Mr. Simpson filed a Second Amended Complaint, with claims against Defendants under 42 U.S.C. §§ 1983 and 1988 for violations of his procedural due process rights under the Fourteenth Amendment of the United States Constitution, as well as a state law

claim against Mr. Kennard for intentional interference with business relations, based upon the revocation of Mr. Simpson's septic system installer license. On March 20, 2015, the Court granted the Defendants' Motion to Dismiss (Filing No. 50). Mr. Simpson now asks the Court to alter or amend its Order dismissing the action.

## II. LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

## III. DISCUSSION

Mr. Simpson moves to alter or amend the Court's order dismissing his due process and intentional interference with business relations claims. For the following reasons, this Court grants

in part and denies in part Mr. Simpson's motion.

A. **Mr. Simpson's Due Process Claim**

To state a Fourteenth Amendment claim for the deprivation of a property interest without due process, a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law. *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943-44 (7th Cir. 2010).

Brown County does not dispute, at least for purposes of the motion to dismiss and the motion to alter or amend the judgment, that Mr. Simpson had a "liberty and/or property interest in his business of installing and repairing septics in Brown County, Indiana and receiving income from such business." (Filing No. 29 at 4 ¶ 25.) Brown County also does not dispute that the Brown County Department of Health and the Brown County Health Officer revoked Mr. Simpson's license to install and repair septic systems. Instead, Brown County disputes whether Mr. Simpson plausibly pled that the loss of his license denied him due process of law. Specifically, Brown County argues that Mr. Simpson did not plausibly plead that Brown County denied him a pre-deprivation remedy, in particular notice or a hearing. In the alternative, Brown County also argues that Mr. Simpson did not plausibly plead that he availed himself of all state post-deprivation remedies before filing his due process claim in this Court.

1. **Erroneous Reasoning in the Court's Previous Order**

In his Second Amended Complaint, Mr. Simpson alleged that Brown County's revocation decision was made "without notice, without any sort of hearing, and without any justification". (Filing No. 29 at 4 ¶ 26.) In addition, Mr. Simpson alleged that Brown County "did not inform [Simpson] of any law, ordinance or regulation which he allegedly violated, nor did it set forth any

4

facts in writing which form the basis of the violation of any laws, ordinances, or regulations." (Filing No. 29 at 3 ¶ 18.) Despite these assertions, it is not clear on the face of Mr. Simpson's Second Amended Complaint, what procedures he believes should have been utilized when making the revocation decision or what laws and regulations governed the decision-making process.

In its Motion to Dismiss, Brown County did not fill in the details and, instead, argued that Mr. Simpson was afforded a sufficient pre-deprivation remedy. In particular, Brown County pointed to the fact that Mr. Simpson was issued a letter two weeks before his license was revoked, warning Mr. Simpson that failure to take action to repair his mother's septic system would result in revocation of his license.

In this Court's prior order granting the motion to dismiss, this Court concluded that Brown County's letter, sent to Mr. Simpson prior to his license revocation and explaining what corrective action Mr. Simpson was required to take to avoid revocation, provided Mr. Simpson with sufficient notice and opportunity to respond.[1] (Filing No. 50 at 6.) However, this conclusion regarding the adequacy of Mr. Simpson's pre-deprivation remedies was grounded largely in an erroneous determination that Mr. Simpson had failed to avail himself of an adequate post-deprivation remedy under I.C. § 13-15-7-3, which allows for administrative review of permit revocations made by the Indiana Department of Environmental Management. *Id.* at 4-7.

In addition, upon closer inspection, this Court's prior reasoning was mistakenly made upon the factors asserted in *Mathews v. Eldridge* 424 U.S. 319 (1976), rather than under the more-closely related pleading considerations articulated in *Dusanek v. Hannon* 677 F.2d 538 (7th Cir. 1982) and its progeny.

---

[1] Additionally, this Court notes that Mr. Simpson does not appear to challenge that portion of this Court's prior order in his Motion to Alter or Amend the Judgment.

Consequently, this Court considers its prior analysis regarding the sufficiency of Mr. Simpson's due process pleading to have amounted to a manifest error of law, sufficient to justify alteration to this Court's prior order. *See Oto*, 224 F.3d at 606. Accordingly, this Court **GRANTS** Mr. Simpson's Motion to Alter or Amend the Judgment (Filing No. 52); and this Court **VACATES** its prior analysis evaluating the sufficiency of Mr. Simpson's due process pleading (Filing No. 50 at 4-7). Instead, this Court **AMENDS** its prior order to include the following analysis and conclusions regarding the sufficiency and plausibility of Mr. Simpson's due process pleading.

2. **Pre-Deprivation Remedy**

When evaluating procedural due process claims, courts distinguish between deprivations based on established state procedures and deprivations based on "random and unauthorized" acts by state employees. *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010). If a plaintiff alleges that a deprivation occurred pursuant to an established state procedure, it is assumed that the state could have predicted when the deprivation would occur and could have provided a pre-deprivation hearing that would satisfy due process. *Id.* at 805.

In contrast, if a plaintiff alleges that a deprivation occurred pursuant to the "random and unauthorized" actions of state actors, the state can only satisfy procedural due process if it provided a meaningful post-deprivation remedy. *Id.*; *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 940 (7th Cir. 2003) ("[W]hen predeprivation hearings are impractical because the actions of the state officers were 'random and unauthorized' the state is only responsible for providing postdeprivation remedies."). Therefore, when a plaintiff alleges a procedural due process claim based on the random and unauthorized conduct of a state actor, the plaintiff must also plead that he either availed himself of state post-deprivation remedies or plead that the available post-

deprivation remedies are inadequate. *Leavell*, 600 F.3d at 805; *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010); *Veterans Legal Def. Fund*, 330 F.3d at 939, 941.

Therefore, in the context of a procedural due process claim caused by allegedly "random and unauthorized" actions, a plaintiff's failure to avail himself of adequate state court remedies is "a *substantive* failure that defeats the cause of action"; and a plaintiff's failure to sufficiently allege that necessary element warrants dismissal under Fed. R. Civ. P. 12(b)(6). *Leavell*, 600 F.3d at 807-08 (emphasis added). *See also Veterans Legal Def. Fund*, 330 F.3d at 941 ("The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies"); *Dusanek* 677 F.2d at 543 (7th Cir. 1982) ("While a plaintiff is not required to exhaust state remedies to bring a § 1983 claim, a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."). Indeed, a plaintiff's failure to sufficiently allege that he availed himself of all available post-deprivation remedies is "fatal to [the] federal due process claim" because "no constitutional violation has been alleged." *Leavell*, 600 F.3d at 806-07.

Regarding the notice and procedures used by the Brown County Department of Health and the Brown County Health Officer in revoking Mr. Simpson's license, Mr. Simpson alleges that Brown County's revocation decision was made "without notice, without any sort of hearing, and without any justification". (Filing No. 29 at 4 ¶ 26.) In addition, Mr. Simpson alleges that Brown County "did not inform [Simpson] of any law, ordinance or regulation which he allegedly violated, nor did it set forth any facts in writing which form the basis of the violation of any laws, ordinances, or regulations." (Filing No. 29 at 3 ¶ 18.)

When a plaintiff alleges that notice procedures were not followed, rather than alleging that the established and followed notice procedures were inadequate, courts consider such alleged

7

actions by the defendant to be "random and unauthorized". *See, e.g.*, *Leavell*, 600 F.3d at 805-06 (holding that the alleged failure of the defendant to provide adequate notice of an administrative hearing suggested "random and unauthorized" action by the defendant, thereby requiring the plaintiff to avail herself of state post-deprivation remedies); *LaBella Winnetka, Inc.*, 628 F.3d at 943-44 (holding that the alleged cancellation of a plaintiff's liquor license "without cause, notice or a hearing" suggested "random and unauthorized" action by the defendant and required the plaintiff to allege either inadequacy or unfairness of post-deprivation procedures); *Veterans Legal Def. Fund*, 330 F.3d at 941 (holding that the alleged action of ignoring civil-service hiring preferences by the defendant, in direct violation of state law, suggested "random and unauthorized" action and, therefore, required the plaintiffs to avail themselves to all adequate post-deprivation remedies provided by the state before filing a due process claim in federal court).

This is precisely what Mr. Simpson has alleged in his Second Amended Complaint. *Cf. Leavell*, 600 F.3d at 805-06; *LaBella Winnetka, Inc.*, 628 F.3d at 943-44; *Veterans Legal Def. Fund*, 330 F.3d at 941. Consequently, the only logical interpretation of Mr. Simpson's due process pleading is that Brown County allegedly revoked Mr. Simpson's license through a "random and unauthorized" action. *Id*. As a result, Mr. Simpson is required to sufficiently plead either that he availed himself of all post-deprivation remedies or that such post-deprivation remedies were inadequate. *Id*.

### 3. Post-Deprivation Remedy

In its Motion to Dismiss, Brown County argued that dismissal of Mr. Simpson's due process claim was warranted on account of Mr. Simpson's failure to plausibly plead that he pursued all adequate post-deprivation remedies. In particular, Brown County argued that Mr. Simpson's pleading failed to sufficiently allege which particular post-deprivation remedies he

8

pursued and argued that Mr. Simpson had several adequate post-deprivation remedies available to him.[2] As a result, Brown County contends that Mr. Simpson's pleading is not plausible and raises doubts whether Mr. Simpson actually availed himself to all adequate post-deprivation remedies, a circumstance that would prove fatal to Mr. Simpson's pleading.

At first blush, this Court's evaluation of the availability and adequacy of post-deprivation remedies, made pursuant to resolving a motion to dismiss for failure to state a claim, would seem akin to evaluating the affirmative defense of failing to exhaust administrative remedies, something most courts are cautious to avoid at the pleading stage of a litigation. Indeed, in the typical case, a court's evaluation of a motion to dismiss is carefully limited to the allegations found in the plaintiff's complaint. *Hamilton v. Summers*, 95 F. Supp. 2d 908, 911 (N.D. Ill. 2000); 5B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* §§ 1356, 1357 (3d ed. 2015). Accordingly, the court only considers defenses that are either directly pled by the plaintiff or are otherwise obvious on the face of the complaint. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses," and "only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)"); *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626

---

[2] Brown County's argument is made unnecessarily difficult on account of Mr. Simpson's failure to identify what authority Brown County utilized when revoking his license. As a result, it is difficult to determine, at least at the initial pleading stage, what post-deprivation remedies were actually available to Mr. Simpson. Upon further review, however, this Court is reminded that its evaluation should be made in accordance with the burdens of proof under Fed. R. Civ. P. 12(b)(6). Specifically, this Court notes that, although Brown County had the burden to demonstrate that Mr. Simpson's due process claim was not plausibly pled, *Yeksigan v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990), Mr. Simpson has the ultimate burden of satisfying the minimal articulation standards in his complaint, *Hastings v. Barbee*, No. 10-CV-2419-WYD, 2011 WL 2610132, at *2 (D. Colo. 2011) ("The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); 5B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1357 (3d ed. 2015).

(7th Cir. 2003); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6)"); Wright, Miller & Kane, *supra*, § 1357.

Courts typically limit the scope of their analysis in this way to avoid unnecessarily converting a motion to dismiss, which evaluates the formal statement of the claim, into a summary judgment motion, which evaluates the substantive merits of the claim. Wright, Miller & Kane, *supra*, § 1357 ("the district court in its discretion may decide that a motion for summary judgment, which provides an opportunity for an investigation of the facts surrounding the bare allegations in the pleading, is a more appropriate procedural device to deal with the built-in defense than a motion to dismiss under Rule 12(b)(6)."). This is of particular significance in situations where courts choose to substantively evaluate an affirmative defense of failing to exhaust administrative remedies under a motion to dismiss, as doing so often converts a Rule 12(b)(6) motion into a Rule 56 motion. Wright, Miller & Kane, *supra*, § 1366.

Nevertheless, the Seventh Circuit has made clear that a plaintiff's duty to avail himself of all available and adequate post-deprivation remedies before bringing a due process claim in federal court is not a condition precedent similar to a duty to exhaust administrative remedies but is, rather, a substantive element of a due process claim. *Leavell*, 600 F.3d at 808 ("[t]he Supreme Court has explained that the constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Therefore, in the context of a procedural due process claim caused by allegedly "random and unauthorized" actions, a plaintiff's failure to sufficiently allege that he availed himself of all available post-deprivation remedies is "fatal to [the] federal due process claim" because "no constitutional violation has been alleged." *Id*. at 806-07. Accordingly, this Court is at liberty, and

in fact has an obligation, to evaluate the sufficiency of Mr. Simpson's pleading wherein he asserts that he availed himself to all available post-deprivation remedies.

Regarding post-deprivation remedies, Mr. Simpson broadly alleges, without factual explanation, that he "availed himself of all adequate post deprivation remedies and no adequate remedy, either provided by the State or provided by [Brown County], exists with regard to [Brown County's] actions in depriving [Simpson] his constitutionally protected interests."[3] (Filing No. 29 at 5 ¶ 28.)

At the outset, this Court notes that, although Mr. Simpson's Second Amended Complaint minimally states that he pursued post-deprivation remedies, Mr. Simpson did not provide any factual grounds to support this assertion on the face of his Second Amended Complaint. Specifically, Mr. Simpson never asserts what post-deprivation remedies he actually pursued. This is problematic.

While a complaint does not need detailed factual allegations, a plaintiff has the obligation to provide the factual grounds of his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[3] This Court notes that Mr. Simpson did not include this allegation in his original Complaint (Filing No. 1), and that he only challenged the adequacy of the available post-deprivation remedies in his First Amended Complaint and did not additionally allege that he availed himself of the post-deprivation remedies (Filing No. 17 at 4 ¶ 26). Further, it appears that Mr. Simpson may have only added the allegation in his amended pleadings in response to Brown County's two previously filed motions to dismiss (Filing No. 14 at 3-4; Filing No. 19 at 3.), both of which were denied as moot on account of Mr. Simpson's amended pleadings (Filing No. 22; Filing No. 30).

do not suffice"); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("It is not enough to give a threadbare recitation of the elements of a claim without factual support").

Consequently, lacking any factual support whatsoever, the Court considers Mr. Simpson's assertion that he availed himself to all available post-deprivation remedies to be not plausibly pled, a deficiency that is fatal to Mr. Simpson's due process claim. *See Leavell*, 600 F.3d at 806-07 (holding that, in the context of a procedural due process claim caused by allegedly "random and unauthorized" actions, a plaintiff's failure to sufficiently allege that he availed himself of all available post-deprivation remedies is "fatal to [the] federal due process claim" because "no constitutional violation has been alleged").

This conclusion is bolstered by the fact that Mr. Simpson also never explains what post-deprivation remedies he pursued in either his motion to dismiss response brief or in his briefs offered in support of his motion to alter or amend the judgment. *See* (Filing No. 39; Filing No. 53; Filing No. 55.) As a result of this repeated factual omission, Brown County and this Court are impermissibly left to guess what post-deprivation remedies Mr. Simpson actually pursued, if any at all. *See Bissessur*, 581 F.3d at 603 (explaining that, consistent with the notice pleading standard, the purpose of the statement required by Rule 8 is to provide the defendant with fair notice of what the claim is and the grounds upon which it rests), *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief.").

Accordingly, even under the minimal pleading standards of Rule 8, this Court concludes that Mr. Simpson has not plausibly pled that he actually pursued all available post-deprivation remedies, warranting dismissal of his due process claim.

In particular, Mr. Simpson contends that this Court erred when it concluded that he had an adequate post-deprivation remedy under I.C. § 13-5-7-3, which allows for administrative review of *permit* revocations made by the *Indiana Department of Environmental Management*. In this regard, Mr. Simpson points out that his situation is distinguishable because it involved the revocation of a septic installer *license* by the *Brown County Health Board*. In its response brief, Brown County concedes that this remedy does not apply to Mr. Simpson's situation and was, therefore, unavailable to him. (Filing No. 54 at 2-3.) Upon further review, this Court agrees that this particular post-deprivation remedy was likely unavailable given the factual circumstances surrounding Mr. Simpson's license revocation; and, therefore, this Court vacates that portion of this Court's prior order. (Filing No. 50 at 4-6.)

Nevertheless, as already explained, Mr. Simpson still does not articulate which post-deprivation remedies he actually pursued, impermissibly leaving Brown County and this Court to continue guessing.

In this regard, Brown County again suggests that Mr. Simpson had a post-deprivation remedy through common law judicial review.[4] While noting that this Court need not wade back into this pit of uncertainty created by Mr. Simpson's factually deficient pleading, as it is Mr. Simpson's duty to factually support his pleading in a manor sufficient to satisfy the minimal notice pleading standards of Rule 8, this Court is initially persuaded by Brown County's argument.

In particular, this Court notes that, in regard to administrative action by local government for which the Indiana legislature has not provided a right of judicial review, "Indiana courts will still review the proceedings to determine whether procedural requirements have been followed and

---

[4] In addition to raising this argument in response to the Motion to Alter or Amend the Judgment, Brown County initially raised this argument in its Motion to Dismiss. Accordingly, since the argument is not new, the Court may properly consider it when resolving the Motion to Alter or Amend the Judgment.

13

if there is any substantial evidence to support the finding and order of such a board." *Bd. of Comm'rs in Cty. of Allen v. Ne. Ind. Bldg. Trades Council*, 954 N.E.2d 937, 943 (Ind. App. 2011); *Mann v. City of Terre Haute*, 163 N.E.2d 577, 579-80 (Ind. 1960) ("[t]he courts will also review the proceedings to determine whether or not the order of the board, its judgment or finding, is fraudulent, unreasonable or arbitrary, if requested"). Thus it appears that Mr. Simpson had an adequate post-deprivation remedy through state court judicial review that he should have availed himself to before proceeding with his due process claim in this Court.[5]

However, even if this post-deprivation remedy proves similarly unavailable, the outcome regarding Mr. Simpson's due process claim remains the same. Mr. Simpson has not provided sufficient facts to plausibly support his allegation that he pursued all post-deprivation remedies. It is Mr. Simpson's duty to allege enough facts in his complaint to plausibly demonstrate a valid claim for relief, which, in this circumstance, includes a duty to factually explain which post-deprivation remedies he actually pursued. This Court's prior order, and the pitfalls therein, highlight the problems that occur when a factually-deficient pleading forces the defendant to guess what facts actually support a claim.

Similarly, to the extent that Mr. Simpson makes an argument that the available post-deprivation remedies were inadequate, he also does not allege any facts on the face of his pleading to support this assertion and he does not present any law to justify the argument. The closest Mr. Simpson comes in this regard is an assertion, briefly made in his response to the Motion to Dismiss

---

[5] Mr. Simpson contends that an Administrative Orders and Procedures Act ("AOPA") appeal is not available as a post-deprivation remedy in his case because the revocation decision was made by the Brown County Health Board rather than an administrative agency. In response, Brown County agrees that an AOPA appeal does not apply for the same reasons. (Filing No. 40 at 3 n.1.) However, Brown County correctly asserts that common law judicial review, which applies to administrative procedures, is a different remedy than an appeal of an administrative agency decision under the AOPA. *See, e.g.*, *Bd. of Comm'rs in Cty. of Allen v. Ne. Ind. Bldg. Trades Council*, 954 N.E.2d 937, 943-44 (Ind. App. 2011) ("while political subdivisions . . . are not administrative agencies subject to the [AOPA], general administrative law principals still apply.").

and his reply to the Motion to Alter or Amend Judgment, that common law judicial review is inadequate because it does not provide compensatory, punitive, and exemplary damages and does not provide attorney's fees. (Filing No. 39 at 10; Filing No. 55 at 3-4.)

While judicial review may not provide the monetary remedies Mr. Simpson desires, he points to no authority to support his argument that a state's post-deprivation remedy does not adequately satisfy due process if it does not provide for monetary damages and attorney's fees. Consequently, to the extent that Mr. Simpson also alleges that the available post-deprivation remedies are inadequate, this Court concludes that such an allegation is not plausibly pled on the face of Mr. Simpson's complaint.

Mr. Simpson has had multiple opportunities to amend his pleadings and despite filing multiple motions briefs, he has still not demonstrated any facts, assumed to be true, to plausibly plead a due process claim. Accordingly, this Court considers dismissal of Mr. Simpson's due process claim to be warranted.

However, the Court concludes that dismissal should be with without prejudice. Fed. R. Civ. P. 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). Courts are instructed to deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of [the] amendment." *Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *Leavell*, 600 F.3d at 808.

Mr. Simpson has had three pleadings and two sets of motions briefs to explain what facts support his assertion that he actually pursued all available post-deprivation remedies. Still, the Court does not find undue delay, bad faith or dilatory motive on the part of the movant. The

amended complaints were filed within three months of the original complaint. The delay in time for issuance of this ruling was due to the Court's schedule and not the fault of either party. Under these circumstances, the Court does not find undue prejudice to the opposing party by virtue of allowance of the amendment. Moreover, giving Mr. Simpson the benefit of the doubt is the more prudent approach.

Consequently, this Court **GRANTS** Mr. Simpson's motion to alter or amend this Court's prior order, and Mr. Simpson's due process claim is **DISMISSED WITHOUT PREJUDICE**. If, in fact, Mr. Simpson can plead sufficient facts to support his assertion that he actually pursued all available post-deprivation remedies or sufficiently explain the specific reasons that the available post-deprivation remedies were inadequate, he is granted leave to file a Third Amended Complaint within **fourteen (14) days** of the date of this Entry. If an additional complaint is an exercise in futility, the motion to dismiss will be converted to a dismissal with prejudice and final judgment will issue.

B.    Mr. Simpson's Intentional Interference with Business Relations Claim

Mr. Simpson also argues that this Court erred in denying his intentional interference with business relations claim.

In his Second Amended Complaint, Mr. Simpson alleged that Mr. Kennard is "a duly elected County Commissioner for Brown County, Indiana and an employee of the Brown County Health Department." (Filing No. 29 at 2 ¶11.) Mr. Kennard "used his influence and power as County Commissioner and as an employee of the Brown County Health Department in furtherance of his inappropriate actions toward [Simpson]." (Filing No. 29 at 4 ¶21.)

The Second Amended Complaint is significantly vague when explaining exactly how Mr. Kennard used his power to influence the revocation of Mr. Simpson's license. Instead, Mr.

Simpson merely asserts that Mr. Kennard had "a personal vendetta" against him and once told him that he would "see to it that [Simpson] would never work in Brown County again." (Filing No. 29 at 3 ¶ 19.) In addition, Mr. Simpson alleges that Mr. Kennard intentionally "plan[ed], conspire[ed] and manipulated the revocation" of his license and that such actions by "Kennard and his agents" was "in furtherance of a personal vendetta" against him. (Filing No. 29 at 6 ¶¶ 36-37.) Finally, Mr. Simpson alleges that "the actions of the Defendant John Kennard, including his agents, in revoking [Simpson's] license was in furtherance of a personal vendetta held against [Simpson], and therefore the Defendant John Kennard, including his agents, were acting outside the scope of their employment capacities." (Filing No. 29 at 6 ¶ 37.)

In this Court's prior order, the Court dismissed Mr. Simpson's intentional interference claim because he failed to allege sufficient facts to suggest that Mr. Kennard acted outside of his responsibilities as the Brown County Health Officer when the Brown County Health Board revoked his license. (Filing No. 50 at 7-8.) Apparently relying on the "retired" *Conley* notice pleading standard, Mr. Simpson argues that this Court required too much factually from his pleading. Instead, Mr. Simpson contends that the minimal facts explaining Mr. Kennard's "personal vendetta" against him, if accepted as true, are sufficient to plausibly support the conclusion that Mr. Kennard acted outside of the scope of his employment when the Brown County Health Board revoked Mr. Simpson's license.[6]

However, this argument is inconsistent with the pleading requirements of Fed. R. Civ. P. 12(b)(6), as explained in *Twombly* and *Iqbal*. Under Fed. R. Civ. P. 12(b)(6), a complaint not

---

[6] Mr. Simpson also argues that the facts, as plead, sufficiently suggest that Mr. Kennard's actions were criminal, malicious, and wanton, thereby avoiding applicability of the Indiana's Tort Claims Act. However, Mr. Simpson did not present this argument in his response to the motion to dismiss (Filing No. 39 at 11-12); and Mr. Simpson cannot, therefore, assert the argument for the first time in furtherance of his motion to alter or amend the judgment. A motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009).

17

need contain detailed factual allegations, but a plaintiff has the obligation to provide the factual grounds of his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Twombly*, 550 U.S. 544, 555; *Iqbal*, 556 U.S. 662 at 677-78 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bissessur* 581 F.3d at 603 ("It is not enough to give a threadbare recitation of the elements of a claim without factual support"). As this Court's prior order adequately explained, Mr. Simpson's factual assertions are insufficiently pled to meet this minimal pleading standard.

Mr. Simpson has neither shown a manifest error of law or fact nor has he presented newly discovered evidence, sufficient to justify alteration or amendment to this Court's prior order regarding his intentional interference with business relations claim. *See Oto*, 224 F.3d at 606 (holding that a manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."). As a result, this Court **DENIES IN PART** Mr. Simpson's motion to alter or amend this Court's prior order, and Mr. Simpson's intentional interference with business relations claim remains **DISSMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the aforementioned reasons, this Court **GRANTS in part** and **DENIES in part** Mr. Simpson's Motion to Alter or Amend Judgment (Filing No. 52.) This Court **AMENDS** the identified reasoning and conclusions in this Court's prior order (Filing No. 50) to include the reasoning and conclusion in this Order. Mr. Simpson's due process claim is **DISMISSED**

**WITHOUT PREJUDICE** and his intentional interference with business relations claim remains **DISMISSED WITH PREJUDICE**.

Mr. Simpson is granted leave to file a Third Amended Complaint on his due process claim within **fourteen (14) days of the date of this Entry,** consistent with this order and the federal pleading requirements. If an additional complaint is not filed, the motion to dismiss will be converted to a dismissal with prejudice and an amended final judgment will issue.

**SO ORDERED.**

Date: 9/30/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott C. Andrews
CORIDEN CORIDEN ANDREWS & GLOVER
sandrews@coriden.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com