UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01660-TWP-TAB |
| ) | |
| BROWN COUNTY, INDIANA, ) | |
| BROWN COUNTY DEPARTMENT OF HEALTH, ) | |
| and BROWN COUNTY HEALTH BOARD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY GRANTING MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff John Simpson's ("Mr. Simpson"), Third Amended Complaint (Filing No. 60). On September 30, 2015, the Court granted in part and denied in part Mr. Simpson's Motion to Alter or Amend Judgment (Filing No. 56). In that Entry, the Court dismissed Mr. Simpson's intentional interference claim with prejudice and his due process claim was dismissed without prejudice. In so doing, the Court granted Mr. Simpson a narrow opportunity to file a third amended complaint, "to plead sufficient facts to support his assertion that he actually pursued all available post-deprivation remedies or sufficiently explain the specific reasons that the available post-deprivation remedies were inadequate". *Id.*

Mr. Simpson filed a Third Amended Complaint, renewing his claims under 42 U.S.C. §§ 1983 and 1988 for alleged violations of his procedural due process rights under the Fourteenth Amendment of the United States Constitution. (Filing No. 59.) Two days later, on October 30, 2015, the Defendants filed the instant Motion to Dismiss (Filing No. 60). For the following reasons, the Court grants the Defendants' Motion and dismisses Mr. Simpson's due process claim with prejudice.

## I. BACKGROUND

The following facts are taken directly from Mr. Simpson's Third Amended Complaint and are accepted as true for purposes of this Motion to Dismiss and all reasonable inferences are drawn in a light most favorable to Mr. Simpson. *See Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

Mr. Simpson is the sole owner of a business known as Monroe, LLC, which is a limited liability company organized under the laws of the State of Indiana. Through Monroe, LLC, Mr. Simpson installed and repaired septic systems within Brown County, Indiana. He held a valid license to install and repair septic systems through the Brown County Department of Health.

On May 31, 2013, the Defendants sent a letter to Mr. Simpson regarding his mother's property, stating that corrective action was required on the septic system. The letter also stated that if corrective measures were not taken on the septic system, the Brown County Health Officer, Paul Page, D.O., would request an executive meeting of the Brown County Health Board and recommend that Mr. Simpson's septic system installer license be rescinded. Two weeks later, on June 14, 2013, the Brown County Health Officer sent another letter to Mr. Simpson, informing him that the Brown County Health Board had revoked his license to install and repair septic systems in Brown County.

In the interim, however, the Defendants did not inform Mr. Simpson of any public meeting by the Brown County Health Board concerning the revocation of his license. In addition, the Defendants did not inform Mr. Simpson of any law, ordinance, or regulation which he allegedly violated, nor did the Defendants set forth the basis for the revocation. In his Third Amended Complaint, Mr. Simpson alleges, for the first time, that the Defendants acted pursuant to Section 503 of a Brown County Ordinance which governs the registration of septic system contractors.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Although this does not require heightened fact pleading of specifics, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("[a] plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests,

3

and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

### III. DISCUSSION

To state a Fourteenth Amendment claim for the deprivation of a property interest without due process, a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law. *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943-44 (7th Cir. 2010).

#### A. Pre-Deprivation Remedy

When evaluating procedural due process claims, courts distinguish between deprivations based on established state procedures and deprivations based on "random and unauthorized" acts by state employees. *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010). If a plaintiff alleges that a deprivation occurred pursuant to an established state procedure, it is assumed that the state could have predicted when the deprivation would occur and could have provided a pre-deprivation hearing that would satisfy due process. *Id.* at 805. In contrast, if a plaintiff alleges that a deprivation occurred pursuant to the "random and unauthorized" actions of state actors, the state can only satisfy procedural due process if it provided a meaningful post-deprivation remedy. *Id.*; *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 940 (7th Cir. 2003) ("when predeprivation hearings are impractical because the actions of the state officers were 'random and unauthorized' the state is only responsible for providing postdeprivation remedies.").

Therefore, when a plaintiff alleges a procedural due process claim based on the random and unauthorized conduct of a state actor, the plaintiff must also plead that he either availed himself of state post-deprivation remedies or plead that the available post-deprivation remedies are

inadequate. *Leavell*, 600 F.3d at 805; *see also LaBella Winnetka, Inc.*, 628 F.3d at 944; *Veterans Legal Def. Fund*, 330 F.3d at 941 ("[t]he whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies"). In such a circumstance, a plaintiff's failure to sufficiently allege that he availed himself of all available post-deprivation remedies is "fatal to [the] federal due process claim" because "no constitutional violation has been alleged." *Leavell*, 600 F.3d at 806-07; *see also Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982) ("a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them").

In its prior order, the Court concluded that "the only logical interpretation of Mr. Simpson's due process pleading is that [the Defendants] allegedly revoked Mr. Simpson's license through a 'random and unauthorized' action." (Filing No. 56 at 8.) Accordingly, the Court determined, "[a]s a result, Mr. Simpson is required to sufficiently plead either that he availed himself of all post-deprivation remedies or that such post-deprivation remedies were inadequate." *Id*.

Despite this clear and unequivocal ruling regarding pre-deprivation due process, Mr. Simpson used the narrow leave afforded to him to re-litigate the issue. Instead of explaining the post-deprivation remedies taken, if any, Mr. Simpson asserts in his Third Amended Complaint that the Defendants revoked his license pursuant to Section 503 of a Brown County Ordinance which governs registration of septic system contractors. Further, Mr. Simpson adds "the action of Defendants upon the authority given by Section 503 of the Ordinance was a predictable abuse of broadly delegated uncircumscribed power of the Defendants, and *was not an action that was random and unauthorized"*. (Filing No. 59 at 5.) (Emphasis added.)

Mr. Smith then asserts, in nearly identical language, the same factual allegations that he pled in his Second Amended Complaint. Specifically, he again alleges that the Defendants'

5

decision to revoke his license was made "without proper notice, without any sort of hearing prior to the revocation, and without any justification". (*Compare* Filing No. 59 at 5 ¶ 26 *and* Filing No. 29 at 4 ¶ 26.) Further, Mr. Simpson repeats his allegation that the Defendants "did not inform [Simpson] of any law, ordinance or regulation which he allegedly violated, nor did it set forth any facts in writing which form the basis of the violation of any laws, ordinances, or regulations". (*Compare* Filing No. 59 at 4 ¶ 21 *and* Filing No. 29 at 3 ¶ 18.)

Based on these identically pled facts, this Court previously held that "the only logical conclusion" was that Mr. Smith had pled a "random and unauthorized" action by the Defendants. (Filing No. 56 at 7-8.) As explained in this Court's prior order, "[w]hen a plaintiff alleges that notice procedures were not followed, rather than alleging that the established and followed notice procedures were inadequate, courts consider such alleged actions by the defendant to be "random and unauthorized". *Leavell*, 600 F.3d at 805-06 (holding that the alleged failure of the defendant to provide adequate notice of an administrative hearing suggested "random and unauthorized" action by the defendant, thereby requiring the plaintiff to avail herself of state post-deprivation remedies); *LaBella Winnetka, Inc.*, 628 F.3d at 943-44 (holding that the alleged cancellation of a plaintiff's liquor license "without cause, notice or a hearing" suggested "random and unauthorized" action by the defendant and required the plaintiff to allege either inadequacy or unfairness of post-deprivation procedures); *Veterans Legal Def. Fund*, 330 F.3d at 941 (holding that the alleged action of ignoring civil service hiring preferences by the defendant, in direct violation of state law, suggested "random and unauthorized" action and, therefore, required the plaintiffs to avail themselves to all adequate post-deprivation remedies provided by the state before filing a due process claim in federal court).

Accordingly, not only did Mr. Simpson exceed the scope of his leave to amend by attempting to re-litigate the previously decided issue of pre-deprivation due process, Mr. Simpson has pled no new facts that would change this Court's conclusion that the revocation of his license was a "random and unauthorized" action by the Defendants. Consequently, as stated in this Court's prior order, Mr. Simpson must sufficiently plead either that he availed himself to all post-deprivation remedies or that such post-deprivation remedies were inadequate. *See Leavell*, 600 F.3d at 805; *LaBella Winnetka, Inc.*, 628 F.3d at 944; *Veterans Legal Def. Fund*, 330 F.3d at 941.

**B.  Post-Deprivation Remedy**

However, regarding post-deprivation remedies, Mr. Simpson has, once again, not plausibly pled a due process claim. In his Third Amended Complaint, Mr. Simpson alleges the following:

> [Mr. Simpson] availed himself to all adequate post-deprivation remedies in that there were, in fact, none available. There were no adequate post-deprivation remedies available to [Mr. Simpson]. There was no adequate remedy, either provided by the State or provided by the Defendants, which exists with regard to the Defendant's [sic] actions in depriving [Mr. Simpson] his constitutionally protected interests.

(Filing No. 59 at 5-6). This pleading is nearly identical to Mr. Simpson's pleading in his Second Amended Complaint, which this Court dismissed as factually insufficient. (*Compare* Filing No. 59 at 5-6 ¶ 29 *and* Filing No. 29 at 5 ¶ 28.)

As this Court explained in its prior order, Mr. Simpson had an adequate post-deprivation remedy available to him in the form of common law judicial review.[1] (Filing No. 56 at 14.) Specifically, the Court noted that, with regard to administrative action by local government for

---

[1] Mr. Simpson contends that an Administrative Orders and Procedures Act ("AOPA") appeal is not available as a post-deprivation remedy in his case because the revocation decision was made by the Brown County Health Board rather than an administrative agency. However, as explained in this Court's prior order, common law judicial review, which applies administrative procedures, is a different remedy than an appeal of an administrative agency decision under the AOPA. *See, e.g.*, *Bd. of Comm'rs in Cty. of Allen v. Ne. Ind. Bldg. Trades Council*, 954 N.E.2d 937, 943-44 (Ind. App. 2011) ("while political subdivisions . . . are not administrative agencies subject to the [AOPA], general administrative law principals still apply").

which the Indiana legislature has not provided a right of judicial review, "Indiana courts will still review the proceedings to determine whether procedural requirements have been followed and if there is any substantial evidence to support the finding and order of such a board." *Bd. of Comm'rs in Cty. of Allen v. Ne. Ind. Bldg. Trades Council*, 954 N.E.2d 937, 943 (Ind. App. 2011); *Mann v. City of Terre Haute*, 163 N.E.2d 577, 579-80 (Ind. 1960) ("[t]he courts will also review the proceedings to determine whether or not the order of the board, its judgment or finding, is fraudulent, unreasonable or arbitrary, if requested").

This Court previously concluded that "Mr. Simpson had an adequate post-deprivation remedy through state court judicial review that he should have availed himself to before proceeding with his due process claim in this Court". (Filing No. 56 at 14.) Nevertheless, rather than use his Third Amended Complaint as an opportunity to factually explain that he did in fact pursue post-deprivation judicial review, Mr. Simpson re-pled the same facts as his Second Amended Complaint. It is now clear that Mr. Simpson did not pursue the post-deprivation remedy of common law judicial review.

Additionally, Mr. Simpson repeats his assertions that common law judicial review was inadequate because it would not afford him compensatory damages, punitive damages, and attorney's fees. (Filing No. 59 at 6.) However, the Court addressed this issue in its prior order, noting that, "while judicial review may not provide the monetary remedies Mr. Simpson desires, he points to no authority to support his argument that a state's post-deprivation remedy does not adequately satisfy due process if it does not provide for monetary damages and attorney's fees". (Filing No. 56 at 15.) In this regard, Mr. Simpson has provided no new facts or argument to change this Court's prior conclusion. *See also Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)) ("[a]lthough the state remedies may

not provide the respondent with all the relief which may have been available to him if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process"); *Ogden v. Cutter*, No. 1:08-cv-00369-JMS-DFH, 2009 WL 2413806, at *8 (S.D. Ind. 2009) ("a meaningful postdeprivation procedure is one that is not 'meaningless or nonexistent'").

Because the Court could not factually determine from Mr. Simpson's Second Amended Complaint whether Mr. Simpson had actually pursued this remedy, the Court granted Mr. Simpson narrow leave to file a Third Amended Complaint to allege that he did, in fact, pursue this remedy. Specifically, the Court granted leave in the following manner:

> Mr. Simpson has had three pleadings and two sets of motions briefs to explain what facts support his assertion that he actually pursued all available post-deprivation remedies. . . . If, in fact, Mr. Simpson can plead sufficient facts to support his assertion that he actually pursued all available post-deprivation remedies or sufficiently explain the specific reasons that the available remedies were inadequate, he is granted leave to file a Third Amended Complaint . . . If an additional complaint is an exercise in futility, the motion to dismiss will be converted to a dismissal with prejudice and final judgment will issue.

([Filing No. 56 at 15-16](#).)

In response, Mr. Simpson has alleged nearly identical facts as his second amended complaint, repeating his prior assertions that no post-deprivation remedy was available and that common law judicial review provided inadequate monetary remedies. Unfortunately for Mr. Simpson, the Court has already litigated those issues; and Mr. Simpson's failure to allege that he sought post-deprivation review or that the available post-deprivation remedy was inadequate is "fatal" to his due process claim. *See Leavell*, 600 F.3d at 806-07; *Dusanek*, 677 F.2d at 543.

Mr. Simpson has had four pleadings to explain what facts support his assertion that he actually pursued all available post-deprivation remedies, and he has failed to do so. Accordingly, this Court considers dismissal of Mr. Simpson's due process claim *with prejudice* to be warranted.

9

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (Filing No. 60). Accordingly, Mr. Simpson's due process claim is **DISMISSED WITH PREJUDICE**. The Court will enter final judgment by separate order.

**SO ORDERED.**

Date: 4/27/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott C. Andrews
ANDREWS LAW OFFICE, LLC
scott@sandrewslaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com